IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARTIN K. EBY CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-1250-WEB |
| ONEBEACON INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD as successor by merger with Transcontinental Insurance Company, and COLUMBIA CASUALTY COMPANY, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08-CV-2392-CM |
| ONEBEACON INSURANCE COMPANY, successor in interest to COMMERCIAL UNION INSURANCE COMPANY, TRAVELERS CASUALTY & SURETY COMPANY as successor to AETNA CASUALTY & SURETY COMPANY; UNITED STATES FIDELITY & GUARANTY COMPANY; ST. PAUL FIRE & MARINE INSURANCE COMPANY; and MARTIN K. EBY CONSTRUCTION COMPANY, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

_____)

## **ORDER**

This matter comes before the court upon Martin K. Eby Construction Company, Inc.'s

Motion to Consolidate Cases and Designate Wichita as the Place of Docketing, Maintenance, and Trial (Doc. 43).  Defendants Travelers Casualty and Surety Company, United States Fidelity & Guaranty Company, St. Paul Fire and Marine Insurance Company and Athena Assurance Company (collectively "Travelers") filed a timely response in opposition to the motion (Doc. 48), to which Eby has replied (Doc. 50).  Therefore, the issues are ripe for disposition.

I.    **Background**

In January 1979, Martin K. Eby Construction Company, Inc. (Eby) entered into a contract for the construction of a water pipe in Harris County, Texas.  In order to complete the project, Eby contracted with Kellogg, Brown, & Root, another construction firm.  Their contract required that Eby provide insurance coverage for the project and indemnify Kellogg, Brown, & Root for claims arising from the performance of the contract.  Eby took out various insurance polices on the project from several companies including Continental Casualty Company ("Continental"); OneBeacon; and Travelers.

In 2007, Eby was made a civil defendant in a case pending in the Southern District of Texas for allegedly engaging in the negligent construction of the water pipe for Harris County, Texas.  The negligence supposedly damaged another company's piping system and has resulted in the leakage of methyl alcohol, which has contaminated the soil and substrata.  After being made a defendant in the suit, Eby submitted claims for coverage under its policies with Continental, OneBeacon, and Travelers.  Only Continental agreed that Eby could claim coverage under the terms of its insurance agreement.

Nevertheless, Eby believed that OneBeacon also had to provide coverage under its insurance contract. Therefore, on August 13, 2008, Eby filed a lawsuit in the United States

2

District Court of Kansas, Wichita Division, against OneBeacon Insurance Company to enforce

their insurance agreement.  Approximately two weeks later, on August, 26, 2008, Continental

filed a suit for declaratory judgment that it had no duty to defend or indemnify Eby, but that if it

did then it sought to have the other insurance companies provide defense or indemnity on a pro-

rata time-on-the-risk basis.  Continental's suit was filed in the United States District Court of

Kansas, Kansas City Division, against OneBeacon Insurance Company, Travelers, and Eby.

Eby has moved for consolidation of its and Continental's suits.  In addition, Eby has

requested that the entire consolidated action be transferred to the United States District Court of

Kansas, Wichita Division, for the purposes of docketing, maintenance, and trial.

## I.      Consolidation

Federal Rule of Civil Procedure 42(a) allows a court to consolidate "any or all the

matters in issue in the actions" if the actions involve a "common question of law or fact."  It is a

well accepted proposition that the decision whether to consolidate is within the trial court's

sound discretion[1]  The court's foremost concern in the exercise of its discretion is whether the

moving party can establish that "consolidation would promote trial convenience and economy in

administration."[2]  In addition, the court may consider dangers of undue prejudice to the parties

that might arise from consolidation.[3]

In this case, the court has reviewed the pleadings and found that all of the parties will

likely rely on a core set of common operative facts.  The parties bolster this conclusion by

---

[1] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

[2] *Id.*

[3] Fed. R. Civ. P. 42(b).

essentially agreeing that judicial economy would be better achieved by consolidating the suits into a single action.[4]  Furthermore, no party directs the court's attention to any danger of undue prejudice that the parties might face from a consolidated action.[5]  Therefore, the court orders that the cases be consolidated

## II.     Transfer

D. Kan. Rule 40.2 provides that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." Furthermore, 28 U.S.C. § 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."  While the court is empowered with discretion to choose the cite of docketing, maintaining, and trying a case, the rules and statutes provide little guidance as to how the court should reach its decision.  For this reason, when a court must decide whether to allow an intra-district transfer, it will normally consider the same factors that are relevant to a change of venue motion pursuant to 28 U.S.C. § 1404(a).[6]

28 U.S.C. § 1404(a) states that , "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Section 1404(a) affords the district court broad

---

[4]  Travelers Casualty and Surety Company, United States Fidelity & Guaranty Company, St. Paul Fire and Marine Insurance Company and Athena Assurance Company's Response to Martin K. Eby Construction Co., Inc.'s Motion to Transfer and Consolidate (Doc. 48) at 3 (noting that "there is no question . . . that judicial economy would be best achieved by consolidating the action).

[5]  In fact, the basic disagreement of the parities in this case is not over consolidation, but where the case should be transferred to for the purpose of docketing, maintenance, and trial.  Martin K. Eby Construction Company, Inc.'s Memorandum in Support of Motion to Consolidate Cases and Designate Wichita as the Place of Docketing, Maintenance, and Trial (Doc. 44) at 6 (stating that "The parties are basically in agreement to consolidation, although the defendants . . . do not want the cases consolidated in Wichita).

[6] *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995).

discretion to decide a motion to transfer by allowing the court to engage in a case-by-base review of convenience and fairness.[7]  Essentially, the parties who are proposing a particular forum have the burden of proving that the chosen forum is inconvenient.[8]  Therefore, in evaluating a transfer under Section 1404(a), the Court considers plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and "all other considerations of a practical nature that make a trial easy, expeditious and economical."[9]

### A.    Plaintiff's Choice of Forum

Generally, the court will not disturb the plaintiff's choice of forum, unless the balance of other factors weight strongly in favor of transfer.[10]  The rule's rationale is based on plaintiff actually residing in the chosen forum, which creates a connection between the forum and the parties.[11]  This case is unique in that two actions have been consolidated with two different plaintiffs that choose two different forums.  One plaintiff, Eby filed in Wichita, while the other, Continental filed in Kansas City.[12]  However, one significant difference exists between the two

---

[7] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

[8] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

[9] *Aramburu*, 896 F. Supp. at 1064.

[10] *Scheidt*, 956 F.2d at 965.

[11] *See Spires v. Hosp. Corp. of Am.*, No. 06-2137, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006).

[12] In a change of venue motion, normally the defendant is the moving party that is requesting the venue change, and therefore bears the burden of proving the chosen forum is substantially inconvenient. *Scheidt*, 956 F.2d at 965. While Eby is a defendant in Case No. 08-2392-CM, it is a plaintiff in Case No. 08-1250-WEB.  In Case No. 08-2392, plaintiff Continental Casualty Company has acquiesced to transfer from its chosen forum of Kansas City to Wichita.  Under different facts who carries the burden of proof might have been debatable, but in this case both plaintiffs seem to have agreed that Wichita is a convenient and proper forum. *See* Martin K. Eby Construction Company, Inc.'s Memorandum in Support of Motion to Consolidate Cases and Designate Wichita as the Place of Docketing, Maintenance, and Trial (Doc. 44) at 5 (noting that Eby's counsel contacted Continental's counsel and

plaintiffs, Eby is actually headquartered in Wichita, whereas Continental is not headquartered

nor has any other significant contacts in or with Kansas City.  This tends to make Wichita the

more logical choice, as it has a connection to the litigating parties.

Furthermore, the courts in Kansas follow the "first-filed" rule, which states generally that

a first filed lawsuit has priority over later filed lawsuits in situation like the one facing the court

here.[13]  Although the court has discretion in whether to follow the rule, the court finds no good

reason not to in this case, especially in light of Continental's agreement and acquiescence in

Eby's motion to transfer.  For this reason, the court gives more weight to Eby's choice of

Wichita than to Continental's choice of Kansas City.[14]

### B.        Convenience and Accessibility of Witnesses

The District of Kansas has recognized that "relative convenience of the forum is a

primary, if not the most important factor to consider in deciding a motion to transfer."[15]  In terms

of convenience and accessibility, Wichita appears to be the most logical place for trial.

Most of the witnesses that reside in Kansas, are from from Wichita, as Eby is

headquartered in Wichita.  Thus, in terms of convenience for those witnesses, Wichita is the

---

was advised that Continental had no objection to the case being docketed, maintained, and tried in Wichita).  For this reason, the court deems that defendant Travelers has the burden to show Wichita is a substantially inconvenient forum.

[13] *See Nacogdoches Oil & Gas, L.L.C. v. Leading Solutions, Inc.*, No. 06-2551-CM, 2007 WL 2402723, at *2 (D. Kan. Aug. 17, 2007).

[14] Defendant argues in its brief that by virtue of being a cross-claimant that it has chosen a forum much as any other plaintiff has, and that this choice should be honored.  Travelers Casualty and Surety Company, United States Fidelity & Guaranty Company, St. Paul Fire and Marine Insurance Company and Athena Assurance Company's Response to Martin K. Eby Construction Co., Inc.'s Motion to Transfer and Consolidate (Doc. 48) at 7. Defendant's argument fails for the simple reason that a cross-claimant, unlike a plaintiff, has made no choice in forum, but rather filed in the forum chosen by plaintiff.

[15] *Pope v. Quivira Council, Boy Scouts of America*, No. 06-2130-KHV, 2007 WL 3003002, at *2 (D. Kan. Oct. 12, 2007).

most logical selection.  In addition, Eby will need to produce several insurance contracts and other paperwork, which is likely to be housed at its headquarters in Wichita.

As for the witnesses that will likely come from out-of-state, the difference between Wichita and Kansas City is negligible, at best, given that both cities have essentially the same amenities for accommodating travelers.  The only potentially relevant convenience factor for Kansas City appears to be that one of the parties counsel is located in Kansas City, which garners little weight with the court.[16]

### C.  Fair Trial & Other Considerations

None of the parties argue that if the case were to take place in either Kansas City or Wichita that it would be unable to receive a fair trial.  Also, the court can find no reason why either location would hinder the ability to have a fair trial.  This being said, the court does give weight to Continental's alleged agreement to and actual acquiescence in this motion to transfer. Plaintiffs by virtue of filing the suit are the ones that normally select the forum, and when, as in this case, one plaintiff vigorously argues for its choice of forum, while the other plaintiff agrees and acquiesces to transfer to the first filed case, it seems that the plaintiffs' agreed choice should be honored.  In this case, the court find Eby's choice of forum in Wichita logical and convenient, while Traveler's arguments for consolidation in Kansas City appear less persuasive.

**IT IS THEREFORE ORDERED:**

1.    Martin K. Eby Construction Company, Inc.'s Motion to Transfer and Consolidate (Doc. 43) is granted.

2.    That Case Nos. 08-1250-WEB and 08-2392-CM are hereby consolidated for all

---

[16] *Studdard v. Connaught Labs, Inc.,* 793 F. Supp. 291, 292 (D. Kan. 1992).

purposes.

3.      That Case No. 08-1250-WEB shall be designated as the lead case and all future

filings in the consolidated action shall be made only in Case No. 08-1250-WEB;

however, all such filings shall be captioned in the manner employed in this order.

4.      That the clerk's office is directed to make any other administrative changes

necessary to reflect that Case Nos. 08-1250-WEB and 08-2392-CM are related

cases that have been consolidated.

5.      That from this date forward, the place of docketing, maintenance and trial of the

above captioned cases shall be in Wichita, Kansas.

6.      The parties shall be governed by a Scheduling Order to be entered in Case No.

08-1250-WEB.

**IT IS SO ORDERED.**

Dated this 27th day of February, 2009, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge